Glenn Solomon #833287
1001 SW Fifth Avenue #1220
Portland, Oregon 97204
(503) 241-3508
glensol@aol.com

Attorney for Plaintiff

IN THE UNTITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIETH PAASCH and HEATHER PAASCH, | ) ) ) |
| Plaintiffs, | ) No. ) |
| v. | ) COMPLAINT FOR WAGES ) DUE AND OWEING AND |
| CAL-AM PROPERTIES, INC. a foreign corporation, | ) ) ) |
| Defendant. | ) |

Plaintiff alleges as follows:

1. This is an action for wages due and owing in which the plaintiffs, (the Paaschs), allege that they were not paid overtime wages in violation of section 7of the Fair Labor Standards Act, 29 USC 201 *et seq,* (the FLSA), The plaintiffs seek back pay, liquidated damages, and attorney fees

2. This court has jurisdiction pursuant to 29 USC 201 *et seq* and 28 USC 1331.

3. Venue is proper under 28 USC 1391(b)(2) and (3) as the defendant (Cal-Am), transacts business and owns property in this district and manages all of its

1. COMPLAINT

operations in the pacific northwest out of its King Village property in Tigard, Oregon where its management offices are located.

## Parties

4. The Paaschs are adult citizens. They are a married couple who were employed by Cal-Am as Property Managers in Auburn Washington. The Paaschs have worked for Cal-Am from 2004 to January of 2013.

5. Cal-Am in a foreign corporation with its principal place of business in Costa Mesa California. It owns and manages parks for manufactured homes and trailers across the United States. It operates several facilities in Oregon. One of these is the King Village property in Tigard, where Cal-Am has its management office for all its properties in the pacific northwest.

## Facts

6. As Property Managers the Paaschs were required to live in the home provided by Cal-Am. They were there for the benefit of Cal-Am to take care of the day to day operation of the property and to sell new and used homes. However, they were non-exempt under section 13(a)(1) of the FLSA. They had no supervisory or management responsibilities and no professional qualifications. Their work did not require a high level of skill or the exercise of independent judgment. Neither of them was paid a minimum of $455.00 per week.

7. The Paaschs submitted time sheets that show that they frequently work in excess of forty hours per week, yet they are not paid overtime. Instead they each make a salary of approximately $416.00 ($10.42 per hour) per week,

2. COMPLAINT

plus benefits and commissions.

8. Cal-Am asked the Paaschs to take time off in lieu of overtime pay.

9. The Paaschs have not, and have not been, since the inception of their employment, paid for all the time they have worked. Cal-Am pays the Paaschs an arbitrary amount without regard to the time actually expended on the job.

10. The Passchs were frequently required to work in excess forty hours per week. They submitted time records for each two week pay period. These time records reveal that for the period dating from November 2010 to back to January 2013, The Paaschs are owed approximately $12,586.00 in overtime pay.

11. The FLSA requires Cal-Am to pay its non-exempt employees at a rate of at least one and one half times their regular rate of pay for time worked in one work week over forty hours.

12. Cal-Am willingly, deliberately and intentionally refused to pay the Paaschs overtime. Instead, Cal-Am wrongly misled the Paaschs, and told them to take "comp-time" in lieu of overtime.

First Claim

(Unpaid Overtime, FLSA)

17. The Paaschs re-allege paragraphs 1 – 12.

18. The Paaschs together are owe 12,586 in unpaid overtime wages.

WHEREFORE, The Paaschs pray for judgment against Cal-Am as follows:
3. COMPLAINT

1.  For $12,586 in unpaid overtime wages, plus interest;

2.  For $12,586 in liquidated damages, as allowed under 29 USC 216 for willful conduct;

3.  For reasonable attorney fees.

4.  For the costs and disbursements of this action;

5.  For whatever other relief the court deems necessary and proper.

Respectfully submitted by:


*/s/Glenn Solomon*
Glenn Solomon
Attorney for Plaintiffs

4.  COMPLAINT

Case 3:13-cv-01928-BR    Document 1    Filed 10/30/13    Page 5 of 5